# COUNTY COURT—BRONX COUNTY,
## May, 1916.

## THE PEOPLE v. JOHN KADEL.

(95 Misc. 514.)

WITNESS—HOSTILITY OF, MAY BE SHOWN—WHEN EXCLUSION OF TESTIMONY AS TO ILL-FEELING OF WITNESS TOWARD DEFENDANT CALLS FOR REVERSAL OF JUDGMENT OF CONVICTION.

It is well settled that testimony to prove the existence of hostile relations between a witness and the party against whom he is called is competent and material.

Where on a charge of disorderly conduct involving abusive language to and an assault upon a woman made against defendant, a member of the bar in good standing, the complainant is supported in her version of the alleged disorderly conduct by her sister and defendant's explanation of what occurred was corroborated by his wife he is entitled to show by cross-examination that the testimony of complainant and of her sister was based on malice and that their conduct towards him was induced by feelings of resentment arising from the fact that he had brought certain actions at law against their brother with whom they resided, in one of which the complainant was surety on an undertaking given on appeal, and the exclusion of such testimony is error calling for the reversal of judgment of conviction rendered against defendant.

APPEAL from a judgment of conviction rendered in a City Magistrates' Court.

J. Philip Van Kirk (Ely Newman, of counsel), for appellant.

Francis Martin, District Attorney (Richard H. Mitchell, of counsel) of people.

GIBBS, J.:

This is an appeal from a judgment of conviction rendered in the City Magistrates' Court. The appellant was convicted on the 29th day of November, 1915, of the offense of disorderly conduct before the said City Magistrates' Court, eighth district, and judgment suspended. The defendant's good character was conceded by the complainant, through her counsel. The defendant is a member of the bar in good standing, and holds a public position of trust and confidence. Under the circumstances, a conviction even for such a minor offense as disorderly conduct where it involves abusive language toward and an assault upon a woman is a serious blemish upon his personal and professional reputation. The complaining witness, Elizabeth Page, was supported in her version of the alleged disorderly conduct of the defendant, by her sister, Ethel Page, and the defendant's explanation as to what occurred was corroborated by his wife, Amanda Kadel. It is evident, therefore, that the questions of fact as to the disorderly conduct were close, and that any evidence which would have a tendency to prove feelings of hostility on the part of the witnesses towards each other, or which would show malice or ill feeling, was important and highly illuminative of the transaction.

The complaining witness testified in substance that the defendant, while out walking with his wife, on Sunday afternoon, the 10th day of October, 1915, entered a plot of ground in The Bronx, under her control, and that she ordered him off, and that he refused to go; that she then attempted to lead him out, taking him by the arm for that purpose. That after some words on both sides, the defendant struck her a number of blows on the face and head, and used violent and abusive language while doing so. The defendant denied that he was disorderly or that he assaulted the complainant, asserting that in point of fact he was insulted and beaten by the complainant and her sister, Ethel, heretofore referred to. The de-

fendant also testified before the Magistrates' Court that the occasion of his presence on the lot in question (which is located in a sparsely settled section of The Bronx) was to pick some flowers for his wife. He attempted to show by his cross-examination that the testimony of the complaining witness and her sister was based on malice and that their conduct towards him was induced by feelings of resentment arising from the fact that he had brought certain actions at law against their brother, Raymond Page, with whom they reside, in one of which Elizabeth, the complaining witness, was surety on a bond given on appeal in the Appellate Division of this department.

The magistrate who presided appears to have taken the position that the witnesses were not subject to cross-examination along these lines. To use his words: " I think that is too remote " and sustained various objections to this line of cross-examination. In this respect I think the learned magistrate committed serious error affecting the substantial rights of the defendant. In my judgment, the defendant should have been given the widest possible latitude on cross-examination to show feelings of hostility, prejudice, bias or malice. Under the circumstances surrounding the complaint, the defendant had an unquestionable right to show by his cross-examination the existence of any relevant facts which would show hostility on the part of the prosecution's witnesses based on their blood relationship with one whom the defendant had engaged in serious and bitter litigation. The competency and materiality of evidence to prove the existence of hostile relations between a witness and the party against whom he is called is well settled in our law and supported by numerous decisions in our state as well as other jurisdictions. A leading case bearing upon this proposition is the case of People v. Brooks, 131 N. Y. 321, part of the headnote reading as follows: " The hostility of a witness towards a party against whom he is called may be proved by any competent evidence, either by cross-examination of the witness or by the testimony of other witnesses." There are a number of other circumstances developed in the record

before the magistrate which lead me to the conclusion that the defendant did not receive the legal trial to which he was entitled, particularly so much of the minutes which show the colloquy between the court and the various parties including the defendant, and which resulted in the defendant making an apology to the complaining witness, upon the court's statement, before pronouncing judgment " *   *   * an ample apology would cover the whole thing." It appears, however, that after the defendant apologized through his counsel, the counsel stating " The defendant apologizes publicly for the fact that there was any excitement or trouble that day and is sincerely sorry that anything should have happened," the court found him guilty in the words " I find the defendant guilty and suspend sentence."

On this point, it is unnecessary to make further comment, since I regard the errors in the exclusion of the questions on cross-examination, heretofore referred to, as vital and substantially affecting the rights of the defendant.

The judgment of conviction is reversed and a new trial ordered in this court pursuant to section 768 of the Code of Criminal Procedure.

Judgment reversed and new trial ordered.